This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38367**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**AMANDA K. ABERLE,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Defendant appeals her conviction for tampering with evidence. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**{2}** Defendant continues to challenge the sufficiency of the evidence to support her conviction for tampering with evidence. [MIO 3] When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of

the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{3}** Here, the evidence had to show that Defendant hid a urine sample in an effort to avoid apprehension, prosecution, or conviction for violating probation. [RP 116] The State presented evidence that Defendant was observed by a probation officer taking her mandatory urine test; the officer suspected that Defendant brought in someone else's sample, and placed it in the cup that was provided; the officer testified that she was experienced in overseeing sampling, and believed that Defendant had falsified the test because she heard liquid being poured into the cup, and the sample was cold, whereas it should have been warm. [RP 207-08; MIO 1-2] Our calendar notice proposed to hold that the jury could reasonably conclude that Defendant had in fact falsified the test in an effort to elude prosecution.

**{4}** In her memorandum in opposition, Defendant argues that the State's evidence failed to show that she had the requisite intent to commit tampering, and that there was no proof of an overt act. [MIO 4-6] *See State v. Duran*, 2006-NMSC-035, ¶ 14, 140 N.M. 94, 140 P.3d 515. We disagree. The overt act in this case consisted of Defendant's concealment and use of urine in a bottle that she brought in as a substitute for a real-time sample, and this could be relied on to establish the requisite mens rea. *See generally State v. Motes*, 1994-NMSC-115, ¶ 11, 118 N.M. 727, 885 P.2d 648 ("Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." (internal quotation marks and citation omitted)).

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**